IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roy Martin and David Rudisail, | ) | |
| | ) | C.A. No. 6:18-cv-00916-DCC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JOINT MOTION TO APPROVE** |
| | ) | **SETTLEMENT AND DISMISS** |
| Sparco, LLC, | ) | **ACTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The parties to the above-captioned action, by and through their undersigned counsel, jointly move the Court for an Order approving their Settlement Agreement, Release and Waiver ("Settlement Agreement") and dismissing this case with prejudice. In support of the motion, the parties offer the following:

**Factual Background**

Plaintiffs Roy Martin and David Rudisail worked for Defendant Sparco, LLC ("Sparco") as contractors providing specialized mechanical repair and maintenance services to commercial vehicle operators. They each signed a contract which referred to each as a "Renter." The "Renter" designation in the contract refers to the provisions that require the signor to rent, for a nominal fee, work vans and uniforms Sparco supplied. The contract also stated the "Renter" was an independent contractor.

On April 4, 2018, Plaintiffs filed, on behalf of themselves and others purportedly similarly situated, a Complaint alleging that Sparco[1] misclassified Plaintiffs, and others purportedly

---

[1] Plaintiffs also named AMOS Franchise Systems, Inc. d/b/a Advanced Maintenance as a defendant. Plaintiffs did not serve the suit on this Defendant, however for brevity's sake, Plaintiffs' counsel concluded, based upon voluntary discovery obtained, that AMOS would not

similarly situated, as independent contractors instead of employees. Accordingly, based on this alleged employment status, Plaintiffs raised collective causes of action for both minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et al.*("FLSA"), a class action for violations of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et al.*("SCPWA"), and Plaintiff Martin raised an individual cause of action for violations of the SCPWA. (ECF 1). Sparco answered on May 23, 2018, denying it misclassified Plaintiffs or any one else purported similarly situated, denied such individuals were employees, and raising other defenses. Sparco also asserted counterclaims against Plaintiff Martin for Breach of Contract, Breach of Contract with Fraudulent Intent, and Conversion. (ECF 9).

Subsequently, on August 31, 2018, Plaintiffs Martin and Rudisail filed an Amended Complaint, based again on misclassification as independent contractors. The Amended Complaint dropped the collective and class action claims[2] and brought a cause of action for overtime violations under the FLSA on behalf of both Plaintiffs and a cause of action for SCPWA violations on behalf of Plaintiff Martin. (ECF 24). Sparco filed its Amended Answer on September 13, 2018, denying it misclassified Plaintiffs, denied they were employees, and raising other defenses. Sparco again asserted counterclaims against Plaintiff Martin for Breach of Contract, Breach of Contract with Fraudulent Intent, and Conversion. (ECF 27).

As noted above, the nature of Plaintiffs' claims are that Sparco misclassified them as independent contractors. Plaintiffs maintain that they were Sparco employees and should have been paid for any overtime worked in a workweek, as well as raising certain SCPWA violations.

---

be an "employer", and because Defense Counsel does not represent this Defendant, this joint motion addresses only the allegations against and defenses raised by Sparco.

[2] The Amended Complaint did not name AMOS Franchise Systems, Inc. d/b/a Advanced Maintenance as a defendant. In addition, based upon voluntary discovery, the collective action portion was dropped due to non-uniformity of "employee" job functions.

The parties vigorously dispute liability; whether Sparco misclassified Plaintiffs; and whether even if Sparco did misclassify Plaintiffs, the amount of any potential overtime owed and value of any potential SCPWA violations.

## Proposed Settlement

The parties have negotiated a compromise settlement of Plaintiffs' claims based on estimated alleged losses falling within a 2-year statute of limitations as Plaintiffs' alleged claims were brought under the FLSA. Based on records, the parties have determined that Plaintiffs were paid at least the statutory minimum wage each purported workweek and with this proposed settlement will receive, and has received in combination, at least one and one-half times the regular rate for any hour of alleged overtime worked in a purported workweek.

As set out in the Settlement Agreement (Court's Exhibit 1), Sparco agrees to pay the gross sum of $10,750.00 in settlement of the claims. The settlement total includes back wages for time estimated to have been worked by each Plaintiff within the limitations period applicable to each, owed alleged overtime. In addition, Plaintiffs' attorneys' fees and costs will be paid at a reduced amount.[3]

## Analysis

There is a split of authority on whether settlements reached during litigation must be approved by the Court. *Compare, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54) (11th Cir. 1982) (settlement must be supervised by Department of Labor, or approved by court in litigation) *with, Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 253-257 (5th Cir. 2012) (private settlement of FLSA claims enforceable where settlement was negotiated

---

[3] A memorandum of law in support of Plaintiffs' Attorney's fees amount, as set forth in the Settlement Agreement, is attached as Exhibit A to this joint motion.

by union on behalf of employees represented by counsel). Therefore, in an abundance of caution, the parties seek the Court's approval of the settlement. Where approval is sought, the Court determines whether there is a *bona fide* dispute over wages owed and whether the proposed settlement is a reasonable compromise. *See Lynn's Food Stores*, 679 F.2d at 1354.

Here, the proposed settlement represents payment of an estimated underlying amount of overtime alleged to have been worked within the limitations period, plus some additional monies for attorney's fees & costs. Legitimate questions exist as to the amount of hours Plaintiffs worked since those alleged hours were unrecorded. *See Lee v. Vance Executive Protection, Inc.*, 7 Fed.Appx. 160, 165-166 (4th Cir. 2001) ("While we acknowledge that the [employees] need not prove each hour of overtime work with unerring accuracy or certainty, enough evidence must be offered so that the court as a matter of just and reasonable inference may estimate the unrecorded hours.") (internal quotations omitted). In addition, the parties separately negotiated the amount of the attorneys' fees using the lodestar method—applying a reasonable hourly rate to the reasonably necessary work performed—so that the plaintiffs' recovery is not reduced by the amounts attributed to attorneys' fees and costs.

Additionally, there are major disputed legal issues, to include Defendant's counterclaim against Plaintiff Martin. Sparco maintains it properly classified Plaintiffs as independent contractors, and therefore, it did not violate the FLSA or SCPWA as a matter of law. Plaintiffs, on the other hand, assert that they were employees, not paid overtime, and Sparco committed SCPWA violations. Accordingly, it is clear that there is a *bona fide* dispute over liability and alleged wages due and owed to each Plaintiff. In light of these above mentioned disputes, the proposed settlement represents an arm's length, reasonable and fair compromise.

## Conclusion and Motion to Dismiss

Plaintiffs' claims under the FLSA and SCPWA are vigorously contested, and the parties have reached a reasonable compromise of those claims. Accordingly, the Court should approve the proposed settlement. Further, having reached accord on the claims in the litigation, the parties also request an Order dismissing the case with prejudice upon completion of the payments contemplated in the Settlement Agreement. A proposed Consent Order will be submitted to chambers for the Court's consideration.

S/ John G Reckenbeil
JOHN G. RECKENBEIL (FID 7671)
LAW OFFICE OF JOHN G. RECKENBEIL, LLC
Post Office Box 16735
Greenville, South Carolina 29606
Tel.: (864) 248-0436
john@johnreckenbeillaw.com

ATTORNEY FOR PLAINTIFFS

S/ T. Foster Haselden
CHRISTOPHER W. JOHNSON (FID 7581)
T. FOSTER HASELDEN (FID 11461)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, South Carolina 29201
Tel.: (803) 799-9311
Fax: (803) 254-6951
cjohnson@gsblaw.net
fhaselden@gsblaw.net

ATTORNEY FOR DEFENDANTS

Columbia, South Carolina

September 28, 2018