IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Roy Martin and David Rudisail, | ) | |
| | ) | C.A. No. 6:18-cv-00916-DCC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER APPROVING** |
| | ) | **SETTLEMENT AND DISMISSING** |
| Sparco, LLC, | ) | **LAWSUIT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the Court on the parties' joint motion to approve a settlement (ECF 28) reached in this action and dismiss the lawsuit.  Plaintiffs are former contractors for Defendant Sparco, LLC ("Sparco") who provided specialized mechanical repair and maintenance services to commercial vehicle operators. Each Plaintiff signed a contract with Sparco which referred to each as a "Renter."  The "Renter" designation in the contract refers to the provisions that require the signor to rent, for a nominal fee, work vans and uniforms that Sparco supplied.  The contract also stated that each "Renter" was an independent contractor.  Plaintiffs brought suit alleging that Sparco misclassified them and they were, in fact, nonexempt employees.  Plaintiffs raised a cause of action for overtime violations under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), on behalf of both Plaintiffs and a cause of action for violations of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq*. ("SCPWA"), on behalf of Plaintiff Martin.

## BACKGROUND

Sparco filed an answer and counterclaim[1] denying Plaintiffs' allegations. Sparco contested its legal liability. In particular, Sparco maintained that it properly classified Plaintiffs as independent contractors, and therefore, Sparco could not have violated the FLSA or SCPWA, as a matter of law. As Plaintiffs' claims are brought under both the FLSA and SCPWA, the proposed settlement will pay Plaintiffs for estimated overtime they allege they are owed within a 2-year limitations period, as well as a reduced amount of accumulated attorney's fees and litigation costs.

## ANALYSIS

The Court may approve a settlement agreement under the FLSA when there is a *bona fide* dispute over wages owed or liability and the compromise is reasonable. *See e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54) (11th Cir. 1982). In this case, the proposed settlement as indicated in the joint motion for court approval and settlement agreement executed by the parties represents payment of estimated unpaid overtime within the 2-year limitations period. In addition, Plaintiffs' Counsel will receive monies for litigation costs and a reduced amount of accumulated attorney's fees. The Parties submit and set forth that the terms of the Settlement Agreement represent the fair, reasonable, and adequate resolution of a *bona fide* dispute as to Defendants' alleged non-admitted liability under the FLSA.

Furthermore, the grounds for the parties' motion, as discussed in more detail in the Parties' supporting memorandum and exhibits, are that the parties have agreed to the

---

[1] Counterclaim was only against Plaintiff Martin.

Settlement of this *bona fide* FLSA dispute after adequate discovery and following arm's length negotiations. Liability and the amount of wages that would be due in the event of liability are legitimately contested as set forth in the parties' motion. Accordingly, I find that the settlement agreement is a fair and reasonable compromise of a *bona fide* dispute of owed overtime wages.[2]

## ORDER

The parties' motion to approve the settlement as set forth in the settlement agreement filed with the Court is **GRANTED.** Having disposed of the controversy, the parties also request dismissal of the matter with prejudice. The motion is **GRANTED**, and it is **ORDERED** that the action is dismissed without prejudice for 60 days during which the parties will complete the settlement by payment of the amounts contemplated therein. It is further **ORDERED** that after 60 days if no party has moved to reopen the matter, it is dismissed with prejudice.

---

[2] A copy of the parties' settlement agreement was e-mailed to the court's chambers for review in camera. The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's in camera review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Civil Rule 5.03(e) (D.S.C.). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.

IT IS SO ORDERED.

                                                s/Donald C. Coggins, Jr.
                                                United States District Judge

December 13, 2018
Spartanburg, South Carolina